FILED
JAN 08 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY DEPUTY

ORIGINAL

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>INSTITUTO AGROBIOQUIMICO, S.A. de C.V.,<br><br>Defendant. | Criminal Case No. 05cr1632-L<br><br>SUPERSEDING<br>I N F O R M A T I O N<br><br>Title 21, U.S.C., Secs. 846 and 841(a)(1)-Conspiracy to Distribute Anabolic Steroids; Title 31,U.S.C., Sec. 5324(c)-International Monetary Instrument Transactions; Title 18, U.S.C., Sec. 2 - Aiding and Abetting; Title 21, U.S.C.,Secs. 853(a)(1)and (a)(2) - Criminal Forfeiture |

The United States Attorney Charges:

Count 1

INTRODUCTORY ALLEGATIONS

At various times material to this Superseding Information, the United States of America alleges the following:

1. Corporate Defendant Instituto Agrobioquimico, S.A. de C.V.,(hereinafter "Defendant Instituto Agrobioquimico") manufactured anabolic steroids under the Loeffler S.A. de C.V. (hereinafter "Loeffler")brand name and with the permission of Loeffler. Both Defendant Instituto Agrobioquimico and Loeffler are located in Mexico City, Mexico.

2. Anabolic steroids are more correctly referred to as anabolic-androgenic steroids. They are a family of compounds that include the male hormone testosterone and a large number of synthetic compounds structurally related to testosterone. The term "anabolic" refers to the positive effect the steroid has on muscle development, while "androgenic" refers to masculinizing effects produced by steroids, such as, the growth of body hair and deepening of the voice.

3. In 1990, the United States Congress passed the Anabolic Steroids Control Act of 1990. On February 27, 1991, the law became effective and anabolic steroids were placed in Schedule III of the Controlled Substances Act.

4. Beginning on a date unknown and continuing through September 2005, Defendant Instituto Agrobioquimico utilized Loeffler's internet website at www.Loeffler.com.mx., to provided information about its anabolic steroids, contact information for its distributors, and an email address in order to directly contact Loeffler about Defendant Instituto Agrobioquimico's anabolic steroid products.

5. Beginning on a date unknown and continuing through September 2005, Defendant Instituto Agrobioquimico under the Loeffler brand name, manufactured and marketed the following anabolic steroids: Kanestron - 50 mg./tablet (generic name Oxymetholone); Oxafort - 5 mg./tablet (generic name Oxandrolone); Reforvit B - 25 mg./10 & 50 ml. vial (generic name Methandrostenolone); Reforvit Simple - 100 mg./10 & 20 ml. vial (generic name Methandrostenolone); Testosterona 4L-A (4 esters) (generic name Testosterone Decanoate - 100 mg./10 & 20 ml. vial); (generic name Testosterone Isocaproate - 60 mg./10 ml. vial);

(generic name Testosterone Phenylpropionate - 60 mg./10 ml. vial); and (generic name Testosterone Propionate - 30 mg./10 ml. vial).

6. Defendant Instituto Agrobioquimico, or those acting on behalf of defendant, worked in concert with various Mexican-based anabolic steroid distributors, some of whom were listed on the Loeffler website. Some of those distributors located in Tijuana, Baja Mexico distributed Instituto Agrobioquimico's steroids marketed under the Loeffler brand to customers located in the United States.

7. At all times material to this Superseding Information any entity or corporation intending to import a Schedule III Controlled Substance, such as anabolic steroids, into the United States must possess a permit issued by the United States Drug Enforcement Administration. Neither Defendant Instituto Agrobioquimico or Loeffler, nor anyone acting on behalf of these companies, sought or received a permit to legally import or distribute anabolic steroids in the United States.

MANNER AND MEANS OF THE CONSPIRACY

1. It was part of the charged conspiracy that Loeffler maintained an Internet website that contained photographs and information about Defendant Instituto Agrobioquimico's steroid products, contact information and information about Loeffler's sales and export departments, all in order to increase sales of Instituto Agrobioquimico's steroid products.

2. It was part of the charged conspiracy that beginning on a date unknown and continuing through September 2005, Defendant Instituto Agrobioquimico using the Loeffler brand name was supplying steroid distributors along the U.S./Mexican border with Instituto

Agrobioquimico's anabolic steroid products. And by at least the Spring of 2005, Instituto Agrobioquimico had reason to know that some of these Tijuana based distributors, in fact, distributed Instituto Agrobioquimico's steroid products to customers in the United States, including body builders.

3. It was a part of the charged conspiracy that those working on behalf of Defendant Instituto Agrobioquimico, by at least the Spring of 2005, referred U.S.- based customer contacts to anabolic steroid distributors, including those listed on Loeffler's website, in order to aid and abet the sale and distribution of **Defendant** Instituto Agrobioquimico's anabolic steroid products.

4. It was a part of the charged conspiracy that distributors in Tijuana or those listed on Loeffler's website purchasing Defendant Instituto Agrobioquimico's anabolic steroids accepted payment for U.S.-based anabolic steroid orders in one or more of the following ways: U.S. currency, Western Union, Money Gram, and/or bank account deposit or wire transfer.

5. It was a part of the charged conspiracy that from time to time, Mexican-based anabolic steroid distributors who sold Defendant Instituto Agrobioquimico's anabolic steroids utilized smugglers to illegally bring anabolic steroids into the United States, thereafter utilizing third party parcel delivery services such as Federal Express, U.S. Postal Priority Mail, DHS, and others to distribute them to steroid customers throughout the United States.

6. It was a part of the charged conduct that beginning on a date unknown and continuing through September 2005, Defendant Instituto Agrobioquimico using the Loeffler brand name, aided and

abetted international monetary instrument transactions by providing anabolic steroids to Mexican-based distributors, including steroid distributors listed on Loeffler's website, who thereafter distributed Instituto Agrobioquimico's anabolic steroid products to their U.S.-based customers.

CONSPIRACY TO DISTRIBUTE ANABOLIC STEROIDS

Beginning on a date unknown and continuing through September 2005, within the Southern District of California and elsewhere, Corporate Defendant Instituto Agrobioquimico, using the Loeffler brand name, and others charged elsewhere, did knowingly and intentionally conspire together and with others known and unknown to distribute more than 40,000 units of anabolic steroids, including but not limited to the following anabolic steroids: Kanestron - 50 mg./tablet (generic name Oxymetholone); Oxafort - 5 mg./tablet (generic name Oxandrolone); Reforvit B - 25 mg./10 & 50 ml. vial (generic name Methandrostenolone); Reforvit Simple - 100 mg./10 & 20 ml. vial (generic name Methandrostenolone); Testosterona 4L-A (4 esters) (generic name Testosterone Decanoate - 100 mg./10 & 20 ml. vial); (generic name Testosterone Isocaproate - 60 mg./10 ml. vial); (generic name Testosterone Phenylpropionate - 60 mg./10 ml. vial); and (generic name Testosterone Propionate - 30 mg./10 ml. vial), all Schedule III Controlled Substances; in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

Count 2

INTRODUCTORY ALLEGATIONS

Paragraphs 1 through 7 of the introductory allegations and paragraphs 1 through 6 of the manner and means as set forth in Count 1

of this Superseding Information are realleged and hereby incorporated by reference in Count 2 as though fully set forth herein.

INTERNATIONAL MONETARY INSTRUMENT TRANSACTIONS

Beginning on a date unknown and continuing through September 2005, within the Southern District of California and elsewhere, Corporate Defendant Instituto Agrobioquimico using the Loeffler brand name, did knowingly and intentionally aid and abet international monetary instrument transactions arranged and conducted by Tijuana based distributors listed on the Loeffler website, to wit, the movement of monetary instruments, by individuals, courier, bank deposit, or by third-party shipper, from a place inside the United States to a place outside the United States, in order to avoid United States reporting requirements as defined in Title 31, United States Code, Section 5316; in violation of Title 31, United States Code, Section 5324(c), and Title 18, United States Code, Section 2.

FORFEITURE ALLEGATION

The allegations contained in Count 1 are realleged and by their reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America pursuant to the provisions of Title 21, United States Code, Sections 853(a)(1) and (a)(2).

1. As a result of the commission of the felony offenses alleged in Count 1, said violations being punishable by imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853(a)(1), Defendant Instituto Agrobioquimico using the Loeffler brand name, shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property obtained directly or indirectly as a result of said violation, including

$200,000.00 in United States currency which represents the proceeds of the sale of anabolic steroids received by Defendant Instituto Agrobioquimico using the Loeffler brand name, or those acting on behalf of Defendant Instituto Agrobioquimico between a date unknown and September 2005, for the distribution in the United States of anabolic steroids, which are Schedule III Controlled Substances. All in violation of Title 21, United States Code, Section 853.

2. As a result of the commission of the felony offense alleged in Count 1, said violations being punishable by imprisonment for more than one year, and pursuant to Title 21, United States Code, Section 853(a)(2), Defendant Instituto Agrobioquimico using the Loeffler brand name, or those acting on behalf of the Corporation shall, upon conviction, forfeit to the United States all rights, title and interest in any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the violations alleged in Count 1 of this superseding information, including, $200,000.00 in United States currency, which represents the proceeds received by Defendant Instituto Agrobioquimico using the Loeffler brand name, or those acting on behalf of the Corporation, between a date unknown and September 2005, for the distribution of

//

//

//

//

//

//

//

anabolic steroids in the United States, which are Schedule III Controlled Substances. All in violation of Title 21, United States Code, Section 853.

DATED: January 8, 2008.

KAREN P. HEWITT
United States Attorney

LAURA E. DUFFY
Assistant U.S. Attorney